STATE OF MISSOURI, at the Relation of JAMES MCNARY and THOMAS DUNNE, Relators, v. JOHN E. MOONEY, GEORGE F. HEEGE, LYNN MEYER and EDWARD E. HEIL, Constituting the Board of Election Commissioners of the County of St. Louis, Missouri, Respondents, No. 43124—247 S. W. (2d) 726.

Court en Banc, March 26, 1952.

*Peter T. Barrett* and *Wm. J. Becker* for relators.

*Robert Mass, John J. McAtee, C. W. Detjen* and *Herbert C. Funke* for respondents.

CONKLING, J.—Prohibition. This action was originally filed here and presents for ruling a related question to that presented in cause No. 43107, State of Missouri at the Relation of Wulfing, et al., v. Mooney, et al., and also in cause No. 43108, State of Missouri at the Relation of Dunne, et al. v. Mooney, et al., each of which just above styled and numbered cases are today decided concurrently herewith. In those two cases the basic facts concern the division (or re-districting) of St. Louis County into three state senatorial districts.

In the instant case, however, the basic facts concern the division (or re-districting) of St. Louis County, under the provisions of Sections 2 and 3 of Article III of the Constitution of 1945, into nine representative districts, for the election of representatives therefrom to the House of Representatives of the General Assembly. St. Louis County has heretofore had only seven representative districts.

After the report of the 1950 census, in compliance with said Sec. 3 of Article III, the Secretary of State of the State of Missouri certified to the county council of St. Louis County (which said council under the special charter of said St. Louis County exercises all the powers and performs all the functions of a county court) that under said 1950 census said county should elect nine representatives at the 1952 election.

Pursuant to Sec. 3, of Article III of the Constitution, when any county is entitled to elect more than one representative the county

court (and under the instant circumstances the county council) is under the duty to "divide the county into districts of contiguous territory, as compact and nearly equal in population as may be, in each of which one representative shall be elected." On November 21, 1951, the county council of St. Louis county adopted and enacted its Ordinance No. 119, which purported to divide said St. Louis County into nine representative districts for the election of representatives therefrom to the House of Representatives of the General Assembly. The members of the county council are not parties here.

Respondents John E. Mooney, Lynn Meyer, George Heege and Edward E. Heil are the members of the Board of Election Commissioners of said St. Louis County, Missouri. Under Sections 113.010 to 113.420 RSMo 1949, V.A.M.S. it is the duty of that Board to receive declarations for nominations as members of the House of Representatives from the various representative districts of said county, and to conduct elections in said county, and particularly a primary election on August 5, 1952 and a general election on November 4, 1952. Respondents' return admits they will receive and accept declarations for nominations for state representative from any and all of said nine districts so purported to be established by said Ordinance No. 119, and will conduct the above noted primary election and general election for representative in the General Assembly in said county.

Relators, as citizens, residents, taxpayers, and voters in said county, allege and contend respondents have no jurisdiction to conduct the above noted primary election and general election for the offices of State Representative in said county in accordance with the above mentioned nine alleged or purported representative districts, and that respondents have no jurisdiction to receive declarations for nomination from said nine purported districts, because said Ordinance ▮▮▮ 119 is unconstitutional and void, in that said districts are (1) not contiguous territory and (2) not as compact and nearly equal in population as may be.

It is conceded by the parties that the redistricting of St. Louis County into representative districts, as provided in Article III of our Constitution is a legislative function. State ex rel. Barrett v. Hitchcock, 241 Mo. 433, 146 S.W. 40. And relators contend that "conducting an election", printing the names of candidates for state representatives upon the ballot, appointing judges and clerks of election, canvassing and certifying the result, etc., and receiving declarations for nominations from the representative districts are "a judicial function", and that prohibition in this case is the only and the appropriate remedy. Respondents' return admits they intend to receive said declarations of candidacy and conduct said elections, but they contend that their functions in accepting any declarations for nomination and in conducting the above noted elec-

tions are "purely ministerial", that prohibition will not lie in these circumstances, and that therefore our preliminary writ was improvidently issued.

Whether prohibition is the proper remedy to determine these issues is clearly governed by what we have said and ruled in our opinion in causes No. 43107 and 43108, more fully styled in the first paragraph of this opinion, and today decided concurrently herewith.

Based upon the reasoning and conclusions set forth in our opinion in the above referred to causes numbered 43107 and 43108, we rule in this case that under the facts here of record prohibition is not the proper remedy to determine whether the nine purported representative districts instantly in issue comply with Sec. 3 of Article III of our Constitution of 1945. For reasons appearing in our opinion in causes numbered 43107 and 43108, we cannot grant the prayer of the instant petition for a declaratory judgment.

It therefore follows that our preliminary rule in prohibition, heretofore issued herein, must be discharged. It is so ordered. All concur.